UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
THERESE VALDEZ
on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

      -against-


HUNTER WARFIELD, INC.

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Therese Valdez seeks redress for the illegal practices of Hunter Warfield, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Tampa, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Therese Valdez*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 25, 2019, the Plaintiff pulled her credit report with Experian whereupon she discovered an account being reported by the Defendant.

11. The debt allegedly was purportedly owed to an *Avalon Green*.

12. Under the "payment status" column, the Defendant stated in part: "Seriously past due date / assigned to attorney[.]" (see attached exhibit)

13. Defendant misrepresented the legal status of the alleged debt by furnishing the national credit bureaus with a statement, that the account had been assigned to an attorney.

14. Such language is a misrepresentation that an attorney is involved in the collection of the Plaintiff's account in violation of 15 U.S.C. § 1692e(3), and a false threat of legal action in violation of 15 U.S.C. § 1692e(5).

15. The vagueness of the said language adds to the misrepresentation.

16. Moreover, the said language is misleading in a material way as the reference may have been "assigned to an attorney" instills angst in the unsophisticated debtor.

17. As this account was not assigned to an attorney, the mention of attorney representation was knowingly false.

18. Section 1692e(3) forbids "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

19. Section 1692e(5) forbids "The threat to take any action that cannot legally be taken or that is not intended to be taken."

20. Defendant subsequently sent the Plaintiff a letter dated November 28, 2019, stating that it had received the Plaintiff's dispute but that the Plaintiff had not provided "enough information in order for us to initiate an investigation."

21. The letter further stated: "In order to have your dispute reviewed, please provide additional detail including:

    - Reason for dispute with explanation
    - Any documentation you may have to support the dispute."

22. Defendant stated that there has to be a reason for the dispute.[1]

23. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[2]

24. Upon information and belief, Hunter Warfield, Inc. as a matter of procedural practice and pattern never intend to follow through with the validation rights it purportedly provide in the initial communication.

---

[1] Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

[2] Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute.)

25. Upon information and belief, Hunter Warfield, Inc. when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since it maintains all disputes in writing must be submitted with a valid reason.

26. Upon information and belief, Hunter Warfield, Inc. intentionally denied the Plaintiff her dispute rights afforded to her under the FDCPA.

27. Upon information and belief, Hunter Warfield, Inc. wrongfully stated to the Plaintiff that she must have a reason to dispute a debt.

28. Upon information and belief, Hunter Warfield, Inc. by intentionally denying the Plaintiff and any other debtor to dispute the debt without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

29. The acts and omissions of Hunter Warfield, Inc. done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

30. Upon information and belief, Hunter Warfield, Inc. intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

31. Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8) and 1692e(10) of the FDCPA for the false representation of the character, amount, or legal status of the debt.

32. Furthermore, the said debt purportedly owed to an *Avalon Green*, was non-existent; in fact, it was *Avalon Green* who owed money to the Plaintiff.

33. Defendant made Plaintiff believe that she in fact owed such an amount to *Avalon Green*

when it was not the case.[3]

34. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

35. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

36. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

37. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[4]

---

[3] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

[4] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

38. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

39. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

40. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

41. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

42. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

43. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

44. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

46. These deceptive communications additionally violated the FDCPA since they frustrate the

consumer's ability to intelligently choose his or her response.

47. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

48. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through one forty-seven (47) as if set forth fully in this cause of action.

49. This cause of action is brought on behalf of Plaintiff and the members of three classes.

50. Class A consists of all persons whom Defendant's records reflect resided in the State of New York who observed an account that appeared on their credit report(s); (a) wherein the Defendant had furnishing the national credit bureaus with a statement, that the account had been assigned to an attorney; and (b) the Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA for the false representation of the character, amount, or legal status of the debt.

51. Class B consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant denied the Plaintiff the right to dispute the debt by maintaining that the Plaintiff provide a reason for her dispute; and (b) the Defendant made false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

52. Class C consists of all persons whom Defendant's records reflect resided in the State of New York who observed an account that appeared on their credit report(s); (a) wherein the Defendant had furnishing the national credit bureaus with a statement, that the account had been assigned to an attorney; and (b) the Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

53. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. The class is so numerous that joinder of all members is impracticable, though the precise number of class members may be known only to the Defendant. Plaintiff estimates that each class has thousands of members

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who observed such language in their credit reports, furnished by the Defendant to the credit bureaus (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

54. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

55. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

56. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

57. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

58. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 9, 2020

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

THERESE VALDEZ - Experian
Date of Report: Nov 25, 2019



## Collections

**HUNTER WARFIELD**
**626571X**                                                                 Closed

### ACCOUNT DETAILS

| | |
|---|---|
| Account Name | HUNTER WARFIELD |
| Account # | 626571X |
| Original Creditor | AVALON GREEN II |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Dec 2014 |
| Account Status! | Closed |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department |
| Status Updated | Dec 2015 |
| Balance | $1,234 |
| Balance Updated | Nov 17, 2019 |
| Original Balance | $1,234 |
| Monthly Payment | - |
| Past Due Amount | $1,234 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | - |
| Comments | Account in dispute-reported by subscriber |
| | Account information disputed by consumer under the Fair Credit Reporting Act |

### CONTACT INFORMATION

4620 WOODLAND CORPORATE
TAMPA, FL 33614
(813) 283-4500

### PAYMENT HISTORY

**2019** — Jan FP, Feb FP, Mar FP, Apr —, May FP, Jun FP, Jul FP, Aug —, Sep FP, Oct FP, Nov FP, Dec —

**2018** — Jan FP, Feb FP, Mar FP, Apr FP, May FP, Jun FP, Jul FP, Aug FP, Sep FP, Oct FP, Nov FP, Dec FP

**2017** — Jan FP, Feb FP, Mar FP, Apr FP, May FP, Jun FP, Jul FP, Aug FP, Sep FP, Oct FP, Nov FP, Dec FP

**2016** — all Data Unavailable

**2015** — Jan–Aug Data Unavailable; Sep —, Oct —, Nov —, Dec FP

FP = Failed to Pay; ☐ = Data Unavailable

TTHWAR01  
PO Box 1280  
Oaks PA 19456-1280  
ADDRESS SERVICE REQUESTED

# Hunter Warfield

November 28, 2019

Regarding Creditor: AVALON GREEN II  
Our account number: ███

THERESE VALDEZ  
███

Dear THERESE VALDEZ

This letter will confirm that we have received a notice of dispute regarding the above referenced account. However, the notice does not provide enough information in order for us to initiate an investigation.

In order to have your dispute reviewed, please provide additional detail including:
- Reason for dispute with explanation
- Any documentation you may have to support the dispute

Once we have received the additional documentation, we will promptly begin an investigation.

To pay your undisputed portion and/or if you need any further information, you may contact us at 866-494-9902 or visit our website www.payhwi.com.

Sincerely,  
Ana Ventura  
Hunter Warfield, Inc.

 Go paperless! Just go to Hunterwarfield.com and click on the "Email Us" button.

**THIS IS A COMMUNICATION FOR A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

**FEDERAL AND STATE DEBT COLLECTION LAWS AND/OR THE FAIR CREDIT REPORTING ACT REQUIRE THE FOLLOWING DISCLOSURES:**

**Required by Fair Debt Collection Practices Act:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Required by Fair Credit Reporting Act:** You have a right to inspect your credit report.

**All States:** You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. The collection agent assigned to your account may change from time to time. If you experience any difficulty finding the appropriate collection agent handling your account, contact the collection manager at 866-494-9902.

**Residents of the State of New York only:** In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive and unfair debt collection efforts, including but not limited to:
  (i)   the use or threat of violence;
  (ii)  the use of obscene or profane language; and
  (iii) repeated phone calls made with the intent to annoy, abuse or harass.

**If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:**
  (i) Supplemental security income (SSI);
  (ii) Social Security;
  (iii) Public assistance (welfare);
  (iv) Spousal Support, maintenance (alimony) or child support;
  (v) Unemployment benefits;
  (vi) Disability benefits;
  (vii) Workers' compensation benefits;
  (viii) Public or private pensions;
  (ix) Veterans' benefits;
  (x) Federal student loans, federal student grants, and federal work study funds; and
  (xi) Ninety percent of your wages or salary earned in the last sixty days.

**Residents of the City of New York only:** New York City Department of Consumer Affairs License Number 1197082. Collection manager, Mike Geary, can be reached at 1-866-494-9902, Mon. - Fri. 9am to 5pm, EST.

**PAYMENT DISCLOSURES:**

**Payment by Check:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.